# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

FRANK J. PASETTI,
                    Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
PH-844E-13-0465-X-1

DATE: September 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Frank J. Pasetti</u>, Westerly, Rhode Island, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On July 21, 2015, the administrative judge issued a compliance initial decision finding the Office of Personnel Management (OPM) in noncompliance with her prior initial decision issued on August 5, 2014, which became the Board's final decision on September 9, 2014.  MSPB Docket No. PH-844E-13-

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

0465-C-1, Compliance File, Tab 5, Compliance Initial Decision (CID). That decision reversed OPM's reconsideration decision holding that the appellant was not entitled to disability retirement benefits under the Federal Employees' Retirement System. MSPB Docket No. PH-844E-13-0465-I-2, Appeal File, Tab 8, Initial Decision. The matter was referred to the Board for consideration. *See* 5 C.F.R. § 1201.183. The administrative judge's July 21, 2015 decision found that OPM had not established its compliance because it had not ascertained from the U.S. Postal Service the appellant's last day in a pay status, and that there was no evidence indicating that his annuity had been made retroactive to the day following his last day in a pay status, or that the necessary computations had been made. CID at 3.

¶2        On September 1, 2015, OPM submitted evidence stating that, although the appellant's last day in a pay status initially had been certified as October 23, 2013, it subsequently had been corrected as January 27, 2012. MSPB Docket No. PH-844E-13-0465-X-1, Compliance Referral File (CRF), Tab 1. OPM attested that it consequently had reissued the appellant's annuity with a commencing date of January 28, 2012. *Id.* OPM stated that, as a result, it authorized a gross payment of $14,589.10 to the appellant on August 10, 2015. *Id.* at 1.

¶3        On September 4, 2015, the Board issued an acknowledgment order informing the appellant that any response to OPM's evidence of compliance must be filed within 20 calendar days of the date of service of OPM's submission. CRF, Tab 2 at 2. The order notified the appellant that, if he chose not to respond, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.* The appellant did not respond.

¶4        On February 25, 2016, the Board issued another order informing the appellant that if he was still not satisfied with OPM's compliance in this matter, he could respond to OPM's submission by filing written argument with the Clerk of the Board within 20 calendar days of the date of the order. CRF, Tab 3. The

order again stated that if the appellant did not respond, the Board would assume that he was satisfied with OPM's compliance. The appellant has not filed a response.

¶5    We find that OPM has produced sufficient evidence to establish that it paid the appellant the appropriate amount of disability retirement benefits. In light of OPM's evidence of compliance, and the appellant's failure to respond, we find OPM in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.